## 20583

The STATE, Appellant, v. Millard E. WAITES, Respondent.
(240 S. E. (2d) 651)

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes, Asst. Atty. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Appellant,*

*John A. Mason,* of Columbia, *for Respondent,*

January 17, 1978.

NESS, Justice:

The sole question before us is whether respondent, Millard E. Waites, was denied his constitutional right to a speedy trial. The lower court found the two year four month delay between arrest and preliminary hearing to warrant dismissal of charges against respondent. We disagree and reverse.

Respondent was arrested on two warrants issued by Magistrate J. F. Stephens on August 21st and August 26th, 1974, charging him with two counts of assault and battery of a high and aggravated nature and with pointing and presenting a firearm. On August 26, 1974, appellant's attorney requested in writing a preliminary hearing.

The hearing was scheduled for September 25, 1974, but prior thereto Magistrate Stephens disqualified himself after being contacted by both sides, and transferred the matter to Magistrate Ray Durham. Stephens testified that Mr. Truluck, one of the prosecuting witnesses and father of a college student injured in the altercation with respondent, contacted him at least twice. Although respondent never approached Stephens personally, "some telephone calls did come in on behalf of Mr. Waites." (Tr. p. 6.)

Magistrate Durham held the warrants for several months and scheduled a preliminary hearing. Durham testified he sent the matter to Magistrate Halloran after disqualifying himself because Mr. Truluck talked to him about the case.

A preliminary hearing was finally held by Magistrate Halloran on December 29, 1976, approximately two years

and four months after issuance and service of the arrest warrants. Respondent was then bound over for grand jury action on both warrants.

Respondent subsequently petitioned the lower court requesting dismissal of the warrants on the ground the delay in prosecution had denied him his constitutional right to a speedy trial. The lower court issued an order dismissing all charges against respondent arising out of the incident.

The right to a speedy trial is guaranteed by the Sixth Amendment to the U. S. Constitution and has been applied to the States in *Klopfer v. North Carolina*, 386 U. S. 213, 87 S. Ct. 988, 18 L. Ed. (2d) 1 (1967). The right is also guaranteed by Article 1, Section 14 of the S. C. Constitution. Among the goals of the Sixth Amendment right to speedy trial is prevention of undue incarceration, minimization of the anxiety accompanying public accusation, and limitation of the possibility that long delay will impair the accused's ability to defend himself. There is no universal test to determine whether a defendant's Sixth Amendment right has been violated.

In *Barker v. Wingo*, 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. (2d) 101 (1972), the Court laid down controlling considerations when dealing with speedy trial questions. Inasmuch as a balancing test is to be applied wherein the conduct of both the prosecution and the defendant are weighed, such cases necessarily must be approached on an *ad hoc* basis. The factors identified by the *Barker* Court to be utilized in resolving speedy trial issues are: (1) the length of the delay; (2) the reason the government assigns to justify the delay; (3) when and how the defendant asserted his right to speedy trial; (4) prejudice to the defendant. 407 U. S. at 530, 92 S. Ct. at 2192. The factors identified in *Barker v. Wingo* have been recognized by this Court. *State v. Foster*, 260 S. C. 511, 197 S. E. (2d) 280 (1973); *State v. Monroe*, 262 S. C. 346, 204 S. E. (2d) 433 (1974).

The two year four month delay between arrest and preliminary hearing is disturbing. While length of delay alone is not dispositive, *U. S. v. Roberts*, 515 F. (2d) 642, 645 (2nd Cir. 1975), this delay is sufficient to trigger our review of the other three factors enumerated in *Barker v. Wingo*, and our consideration of "such other circumstances as may be relevant." *Id*. at 533, 92 S. Ct. at 2193.

In order to establish the denial of a speedy trial, it must be demonstrated the delay was attributable to the State. *State v. Dukes*, 256 S. C. 218, 182 S. E. (2d) 286 (1971). The constitutional guarantee of a speedy trial is protection only against delay which is arbitrary or unreasonable. *People v. Hairston*, 46 Ill. (2d) 348, 263 N. E. (2d) 840 (1970). We now consider the reasons for the instant delay.

The lower court's finding that the delay was either caused by the State or resulted from its neglect is not supported by the record. There was testimony by Magistrate Stephens that he received phone calls not only from the prosecuting witness but also from someone speaking on respondent's behalf. Moreover, respondent's attorney agreed to a continuance and stated he did not want the case to come to trial. This evidence is sufficient to warrant our conclusion that respondent contributed to the delay.[1] See *Wheeler v. State*, 247 S. C. 393, 147 S. E. (2d) 627 (1966).

While we recognize the United States Supreme Court has rejected the demand-waiver rule as applied to the right to speedy trial, *Barker v. Wingo, supra,* the manner in which the defendant asserts his right thereto is an important factor to be considered. "We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker v. Wingo*, 407 U. S. at 532, 92 S. Ct. at 2193. Apart from respondent's initial re-

---

[1] In this respect the instant case is distinguished from the dissenting opinion of Justice Rhodes in *State v. Ridge*, S. C., 236 S. E. (2d) 401, 1977, where he found the delay to have been caused solely by the State.

quest for a preliminary hearing, there is no record of an actual demand by Waites for a speedy trial. We think it significant that Waites, represented by counsel, waited approximately twenty-eight months before claiming he had been denied his constitutional right to a speedy trial. In *Commonwealth v. Watson,* 239 Pa. Super. 426, 360 A. (2d) 710 (1976), the court concluded a delay of more than three years between defendant's arrest and trial did not deny him his constitutional right to a speedy trial where he did not assert his rights until three days prior to trial. We do not believe respondent's request for a preliminary hearing substitutes as a demand for a speedy trial. As stated by the Illinois Court in *People v. Wyatt,* 47 Ill. App. (3d) 686, 8 Ill. Dec. 135, 137, 365 N. E. (2d) 373, 375 (1977):

"Merely indicating readiness to proceed with trial does not in itself constitute a formal demand for trial."

Finally, respondent's bare assertion of prejudice because his principal witness moved to another state is insufficient to warrant the lower court's conclusion that respondent suffered actual prejudice thereby. Waites was neither incarcerated nor apparently unduly concerned about the accusation against him. Moreover, he has not shown to this Court's satisfaction that the delay impaired his defense.

Upon weighing the factors of *Barker v. Wingo* as applied to the instant facts we believe the lower court erred in its determination that respondent was denied his right to a speedy trial. We reverse and demand for an immediate trial.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.