688 S.E.2d 583

**The STATE, Respondent,**

v.

**Florence EVANS, Appellant.**

**No. 4641.**

Court of Appeals of South Carolina.

Heard Oct. 21, 2009.

Decided Dec. 30, 2009.

Rehearing Denied Feb. 19, 2010.

---

**20.** *See, e.g.,* S.C.Code Ann. §§ 48–40–20(2), 48–40–40(B) (2008).

Acting Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, of Columbia; and Solicitor Jay E. Hodge, Jr., of Cheraw, for Respondent.

SHORT, J.

Florence Evans appeals her convictions for three counts of involuntary manslaughter, arguing the trial court erred in denying her motion to dismiss the charges against her because her constitutional right to a speedy trial was violated by the twelve-year delay in bringing her case to trial. We affirm.

## FACTS

On March 4, 1994, Evans' trailer caught fire, killing her three small children. Evans was not in the home at the time of the fire. An initial test of the site revealed the presence of a flammable substance in the debris. When police first questioned Evans on March 14, 1994, she told them she had lit a kerosene heater in the home while her children were sleeping and had gone next door to visit her sister. She said that minutes after arriving at her sister's house, she saw her trailer in flames and ran home in an attempt to save her children. However, after several hours of questioning, Evans gave a written statement to the police that she intentionally "dropped a lit piece of paper on the floor," went to her sister's house, and "waited about two hours until someone saw the fire." The officers immediately placed Evans under arrest, and on April 18, 1994, she was indicted on three counts of murder.

Public Defender Jay Hodge was assigned to Evans' case; however, in 1994 or 1996 he was elected Solicitor and was conflicted from the case. The case was transferred to the Attorney General's Office as a conflict case, and Attorney General David Avant was assigned to represent the State. On

March 25, 1998, Burnie Ballard was appointed as Evans' counsel, and on April 29, 1998, Evans filed a motion for speedy trial.

On May 4, 1998, the trial court held a *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), hearing to determine the admissibility of Evans' oral and written statements to police on March 14, 1994. The trial court suppressed Evans' statements after finding there was the "functional equivalent of interrogation" and Evans was "tantamount to being in custody." [1] The trial judge granted the State permission to take an interlocutory appeal of its order suppressing Evans' statements. On June 12, 2000, the Court of Appeals filed an opinion affirming the order suppressing Evans' statements; however, the State filed a petition for rehearing, which was granted. As a result, on January 2, 2001, the Court of Appeals withdrew its previous opinion and filed a new opinion, reversing the trial court's suppression order and remanding the case to the trial court for entry of a more definite suppression ruling as to whether Evans was in custody. The Supreme Court granted a petition for certiorari to review the Court of Appeals' decision on September 27, 2001. On June 9, 2003, the Supreme Court reversed the Court of Appeals, finding the trial court properly suppressed Evans' statements because she gave them in a custodial interrogation, and she should have been given *Miranda* warnings. [2] The State filed a petition for rehearing, which was denied by the court, and the remittitur was sent to the trial court on July 15, 2003.

On June 18, 2003, the Attorney General's Office transferred the case to the Fifth Circuit Solicitor's Office, and Assistant Solicitor David Pascoe was assigned to the case. However, Pascoe was elected as First Circuit Solicitor in 2004, and although he took the case with him, he never personally appeared in court. On March 29, 2005, Judge Lockemy heard and denied Evans' motion for speedy trial. That same day, Evans was indicted on three counts of homicide by child abuse. Evans filed a motion to reconsider on April 8, 2005. On January 13, 2006, Evans' case was transferred from the

---

1. Judge Floyd did not rule on Evans' motion for speedy trial.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Fifth Circuit Solicitor's Office to the Eleventh Circuit Solicitor's Office. Judge Lockemy heard Evans' motion for reconsideration of the speedy trial motion on October 16, 2006, and again denied the motion. That same month, on October 31, 2006, Evans was indicted on three counts of homicide by child abuse and three counts of involuntary manslaughter.

Evans' trial was held on December 11, 2006. That morning, before trial, Evans filed a motion for violation of due process based on delay for the indictments for involuntary manslaughter and homicide by child abuse. At the trial, Evans also requested Judge Lockemy reconsider his denial of her motion for speedy trial. Judge Lockemy denied both motions. Judge Lockemy granted Evans' motion for directed verdict on three counts of homicide by child abuse, and the jury found Evans guilty of three counts of involuntary manslaughter. He sentenced Evans to two concurrent five-year terms for two counts of involuntary manslaughter, and one consecutive five-year term for the third count of involuntary manslaughter. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Wilson,* 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001). The court is bound by the findings of the trial court unless they are unsupported by the evidence, clearly wrong, or controlled by an error of law. *State v. Williams,* 326 S.C. 130, 135, 485 S.E.2d 99, 102 (1997). The reviewing "[c]ourt does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial judge's ruling is supported by any evidence." *Wilson,* 345 S.C. at 6, 545 S.E.2d at 829.

## LAW/ANALYSIS

Evans argues the trial court erred in denying her motion to dismiss the charges because her constitutional right to a speedy trial was violated by the twelve-year delay in bringing her case to trial. We disagree.

A criminal defendant is guaranteed the right to a speedy trial. U.S. Const. amend. VI; S.C. Const. art. I, § 14; *State v. Pittman,* 373 S.C. 527, 548, 647 S.E.2d 144, 155 (2007).

"This right 'is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.' " *Id.* (quoting *U.S. v. MacDonald,* 456 U.S. 1, 8, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982)). There is no universal test to determine whether a defendant's right to a speedy trial has been violated. *State v. Waites,* 270 S.C. 104, 107, 240 S.E.2d 651, 653 (1978).

A reviewing court should consider four factors when determining whether a defendant has been deprived of his or her right to a speedy trial: 1) length of the delay; 2) reason for the delay; 3) defendant's assertion of the right; and 4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *see also State v. Brazell,* 325 S.C. 65, 75, 480 S.E.2d 64, 70 (1997). These four factors are related and must be considered together with any other relevant circumstances. *Barker,* 407 U.S. at 533, 92 S.Ct. 2182. "Accordingly, the determination that a defendant has been deprived of this right is not based on the passage of a specific period of time, but instead is analyzed in terms of the circumstances of each case, balancing the conduct of the prosecution and the defense." *Pittman,* 373 S.C. at 549, 647 S.E.2d at 155. However, in *Doggett v. U.S.,* 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), the United States Supreme Court suggested in dicta that a delay of more than a year is "presumptively prejudicial." Also, in *State v. Waites,* our supreme court found a two-year and four-month delay was sufficient to trigger further review. *Waites,* 270 S.C. at 108, 240 S.E.2d at 653. Therefore, "a delay may be so lengthy as to require a finding of presumptive prejudice, and thus trigger the analysis of the other factors." *Pittman,* 373 S.C. at 549, 647 S.E.2d at 155.

Evans asserts the twelve-year delay in bringing her case to trial was unreasonable and violated her right to a speedy trial. She claims she was prejudiced by the delay in the loss of four of her witnesses: Alberta Tillman, Dickie Allen, Inez Robinson, and Clay Wilson. Tillman had been diagnosed with Alzheimer's disease in 2003 and was not competent to testify. Allen had passed away in February 2006, and Robinson had

died in August 1998. Evans also was unable to locate Wilson. She alleges the delays by the State in prosecuting the case were arbitrary and unreasonable because "placing running for solicitor over one's present duties is not an acceptable excuse, and it does not trump [Evans'] rights to a speedy trial." She also asserts that under the totality of the circumstances, it should be taken into account that the State's appeal of the suppression order was unsuccessful.

Evans filed her first motion for speedy trial on April 29, 1998; however, the motion was not ruled upon until March 29, 2005. At the March 29, 2005 hearing, the State asserted the reason for the delay in 1994 after Hodge was conflicted from the case was the result of the Attorney General's office having problems scheduling the trial with the Fourth Circuit Solicitor's Office. Regarding the delay in 2003, the State asserted that then Assistant Solicitor Pascoe was running for Solicitor of the First Circuit, and he had a "pretty hefty caseload" at the time. During the hearing, Judge Lockemy considered the *Barker* factors in making his decision. He noted that the case had been delayed for a long time, but he did not "find any neglectful delay prejudicial to the defense to any great degree other than the fact in and of itself [it has] been [twelve] years." [3] Judge Lockemy noted the reasons for the delay included that: (1) the case was transferred from Public Defender Hodge to the Attorney General's office due to Hodge's election as Solicitor; (2) Evans' statement was suppressed; (3) the suppression order was appealed; (4) five years was taken in appeals; (5) after the appeal, the case was transferred from the Attorney General's office to Assistant Solicitor Pascoe; and (6) Pascoe was elected as Solicitor of another circuit. Judge Lockemy also discussed the prejudice to Evans involving witnesses and evidence. He noted that Tillman "may have said [something] from someone else," which "may or may not be admissible" and Ballard did not know if she was "dead or alive." He also stated that as to the evidence, no one had "introduced to me yet anything ... that is going to be prejudicial specifically to the defendant." He also clarified that his ruling did not include the indictments served in 2005,

---

3. We note the twelve-year delay in bringing Evans' case to trial is troubling; however, in this case, we find it was justifiable.

and he requested that another hearing be set up to address those indictments.

Evans filed a motion to reconsider Judge Lockemy's denial of her motion for speedy trial on April 8, 2005. Judge Lockemy heard the motion to reconsider on October 16, 2006. At the October 16, 2006 hearing, Ballard asserted it had been twelve years and seven months from the date of the offense; however, he stated that it "is probably the correct manner" to "deduct from that period of time the entire period of time on which this case was on appeal." Ballard also admitted that Hodge's conflict in 1994 due to his election as Solicitor was justified. Judge Lockemy again considered the *Barker* factors. As to the length of delay in bringing the case to trial, Judge Lockemy noted that "a lot of [the delay] has been due to matters that are going on just as the inherent problem when you have a solicitor's office who cannot prosecute something and you have to go from place to place...." *See Waites,* 270 S.C. at 108, 240 S.E.2d at 653 (holding that the "constitutional guarantee of a speedy trial is protection only against delay which is arbitrary or unreasonable"). In consideration of the fourth and most important factor, prejudice, Judge Lockemy found Evans "has not met certain prejudices as stated in the [*Barker*] case and restated in the standard there by incarceration, she's not been incarcerated." He further stated, "[t]here has been no real strong assertion that there has been a strong prejudice." *See Brazell,* 325 S.C. at 76, 480 S.E.2d at 70–71 (noting the three-year and five-month delay was negated by the lack of prejudice to the defense).

During the December 11, 2006 trial, Evans again asked Judge Lockemy to reconsider his denial of her motion for speedy trial. After hearing Evans' argument and testimony from Till man's granddaughter, Debra Lewis, that Tillman had been diagnosed with Alzheimer's in 2003, Judge Lockemy again denied the motion. Judge Lockemy stated he made his decision to deny her motion after "consideration of the entire record, a totality of all the circumstances, the consideration of any prejudice regarding the death of Mr. Allen, the incompetency to testify of Mrs. Tillman, the unavailability of Mr. Wilson apparently." Therefore, we find Judge Lockemy's

denial of Evans' 1998 motion to dismiss based on a violation of her right to a speedy trial was supported by the evidence.[4]

## CONCLUSION

Accordingly, the trial court's order is

**AFFIRMED.**

WILLIAMS and GEATHERS, JJ., concur.

---

4. At the October 16, 2006 hearing, Judge Lockemy informed Ballard he could only decide Evans' motion for speedy trial as it related to the indictments for murder because the indictments for involuntary manslaughter and homicide by child abuse were served on her during the October 2006 hearing. Ballard responded, "[P]erhaps I will of necessity have to revisit that issue as a delay in indictment case and due process violation rather than a speedy trial." Evans then filed a subsequent motion based on the later-filed indictments on December 11, 2006. This motion was not based on a speedy trial violation, but stated the delay of more than twelve years in issuing the indictments violated Evans' constitutional due process rights. At the December 11, 2006 trial, Ballard told the court that the motion he filed that day did not pertain to the murder indictments because he did not "think it would be appropriate for [him] to argue that there was a delay in the murder indictments, because they were issued in 1994. That was a long time ago." Therefore, we do not address the December 11, 2006 motion based on the later-filed indictments.