**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Julio Angelo Hunsberger, Appellant.

Appellate Case No. 2012-207290

———————————

Appeal From Edgefield County
R. Knox McMahon, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-382
Heard September 9, 2014 – Filed November 5, 2014

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

———————————

**PER CURIAM:** Julio Angelo Hunsberger appeals his conviction for murder, arguing the trial court erred in denying his motion to dismiss the charge against him because his constitutional right to a speedy trial was violated as a result of the almost ten-year delay in bringing his case to trial. We affirm.

**FACTS**

On September 3, 2001, Samuel J. Sturrup was shot and killed in South Carolina. Hunsberger was arrested for his murder on January 25, 2002. Hunsberger's brother, Alexander, and Steven Louis Barnes were also charged with Sturrup's murder.[1]

On February 16, 2005, Hunsberger was transferred to Georgia to face charges in connection to the South Carolina murder charge. Hunsberger was tried and convicted in Georgia for kidnapping with bodily injury on September 12, 2006. He was sentenced to life in prison in Georgia. Hunsberger was returned to South Carolina on September 30, 2011, pursuant to the Interstate Agreement on Detainers (IAD). Hunsberger never moved for a speedy trial. The State wanted to try Barnes' capital case before it tried any of the co-defendants' cases. After Barnes was convicted, the State sought to bring Hunsberger's case to trial in October 2011; however, he moved for a continuance. The court granted his motion for a continuance in an order dated October 18, 2011. The order stated there was "no such motion for speedy trial now before the [c]ourt. Therefore, no part of this Order is intended to apply or address any matter of speedy trial. Likewise, this order is not intended to prejudice any future right the defendant may have to make such a motion."

Hunsberger's South Carolina trial began on January 9, 2012. At the beginning of trial, Hunsberger moved to dismiss his case, asserting his right to a speedy trial was violated. Hunsberger initially admitted he had a "hurdle" in making his argument because he had not previously asserted his right to speedy trial, which is a factor in determining whether his rights have been violated. He argued the State failed to bring his case within a reasonable time and was dilatory in its duty. Hunsberger stated the ten-year delay was a significant passage of time for the court to find his right to a speedy trial was violated. Furthermore, Hunsberger asserted

---

[1] Three additional defendants were convicted in Georgia of charges involving the kidnapping and assault of Sturrup.

he was effectively without counsel for a time.[2]  Hunsberger's current attorney stated he did not file a motion for speedy trial when he was first appointed in June 2010, eight and a half years after Hunsberger's arrest, because he was not certain Hunsberger would be tried in the case based on his life sentence in Georgia and some assertions made to him by the solicitor.  Hunsberger argued he was prejudiced by the witnesses' varied stories over the years.  He also argued the prosecution was vindictive or selective because other individuals were similarly situated to him.  He further argued he was being punished for exercising his right to remain silent and not assist the State in the prosecution of Barnes.  Finally, he asserted there was an identification issue related to three of the State's witnesses.

The State responded it always intended to dispose of Barnes' case prior to bringing any of the co-defendants to trial.  The State called Hunsberger's case in October 2011, as soon as it completed Barnes' trial; however, Hunsberger moved for a continuance, which the court granted.  The State asserted Hunsberger did not file a motion for speedy trial at that time.  Hunsberger's counsel responded he requested the continuance because he had only met with Hunsberger one time before he was moved to Georgia and he "thought it was fundamentally unfair for me to proceed to trial having only met with him on that one occasion and that one occasion was actually regarding his consideration to testify for the State in the Barnes case."

The court denied Hunsberger's motion to dismiss, explaining that based on the totality of the circumstances in this case, Hunsberger would not be prejudiced.  The court continued, "I think given the fact that [Hunsberger] was a sentenced prisoner in Georgia and . . . , for that length of time, . . . he would not have been released, . . . it was not unreasonable for the State to take the position that [it] wanted to try the one defendant that [it] sought the death penalty on in the case first and dispose of that case first."

Hunsberger renewed his motion to dismiss again at the close of the State's case, arguing the inconsistencies in witnesses' testimony provided an example of the prejudice he suffered from the delay in bringing his case to trial.  The court again

---

[2]  Hunsberger's first attorney was appointed in 2002.  After several complaints from Hunsberger in 2004 and 2005 that he had not seen his attorney, another public defender was appointed, but he was then relieved on June 14, 2010.  Hunsberger's current attorney was appointed in June 2010 and represented Hunsberger during his 2012 trial in South Carolina.

denied the motion. The jury convicted Hunsberger of murder, and the court sentenced him to life in prison without parole. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, this court reviews errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous. *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009); *see State v. Evans*, 386 S.C. 418, 422, 688 S.E.2d 583, 585 (Ct. App. 2009) (applying the standard of review to speedy trial cases). Thus, on review, the court is limited to determining whether the trial court abused its discretion. *Id.* An abuse of discretion occurs when the court's decision is unsupported by the evidence or controlled by an error of law. *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012). "This [c]ourt does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence." *Edwards*, 384 S.C. at 508, 682 S.E.2d at 822.

## LAW/ANALYSIS

Hunsberger argues the trial court erred in denying his motion to dismiss the charge against him because the almost ten-year delay in bringing his case to trial violated his constitutional right to a speedy trial. We disagree.

A criminal defendant is guaranteed the right to a speedy trial. U.S. Const. amend. VI; S.C. Const. art. I, § 14. "This right 'is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.'" *State v. Pittman*, 373 S.C. 527, 548-49, 647 S.E.2d 144, 155 (2007) (quoting *United States v. MacDonald*, 456 U.S. 1, 8 (1982)). A "'speedy trial does not mean an immediate one; it does not imply undue haste, for the [S]tate, too, is entitled to a reasonable time in which to prepare its case; it simply means a trial without unreasonable and unnecessary delay.'" *State v. Langford*, 400 S.C. 421, 441, 735 S.E.2d 471, 481-82 (2012) (quoting *Wheeler v. State*, 247 S.C. 393, 400, 147 S.E.2d 627, 630 (1966)). "There is no universal test to determine whether a defendant's right to a speedy trial has been violated." *Evans*, 386 S.C. at 423, 688 S.E.2d at 586.

When determining whether a defendant has been deprived of his or her right to a speedy trial, this court should consider four factors: (1) length of the delay; (2) reason for the delay; (3) defendant's assertion of the right; and (4) prejudice to the defendant. *State v. Brazell*, 325 S.C. 65, 75, 480 S.E.2d 64, 70 (1997) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). These four factors are related and must be considered together with any other relevant circumstances. *Barker*, 407 U.S. at 533. "Accordingly, the determination that a defendant has been deprived of this right is not based on the passage of a specific period of time, but instead is analyzed in terms of the circumstances of each case, balancing the conduct of the prosecution and the defense." *Pittman*, 373 S.C. at 549, 647 S.E.2d at 155. However, in *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992), the United States Supreme Court suggested in dicta that a delay of more than a year is "presumptively prejudicial." Also, in *State v. Waites*, 270 S.C. 104, 108, 240 S.E.2d 651, 653 (1978), our supreme court found a two-year-and-four-month delay was sufficient to trigger further review. "[A] delay may be so lengthy as to require a finding of presumptive prejudice, and thus trigger the analysis of the other factors." *Pittman*, 373 S.C. at 549, 647 S.E.2d at 155.

In *State v. Evans*, 386 S.C. at 424-26, 688 S.E.2d at 586-87, this court found a twelve-year delay in bringing a case to trial did not violate the defendant's speedy trial right when the defendant's statement to police was suppressed; the appeals of the suppression order lasted five years; after the appeals, the case was transferred to an assistant solicitor and the solicitor was later elected solicitor of another circuit; and the defendant failed to establish she was prejudiced by the delay. In *State v. Cooper*, 386 S.C. 210, 217-18, 687 S.E.2d 62, 67 (Ct. App. 2009), this court held a delay of forty-four months did not violate the defendant's constitutional right to speedy trial even though the delay was to some degree the result of prosecutorial and governmental negligence because any presumption of prejudice was persuasively rebutted when the State withdrew its notice to seek the death penalty. Thus, the court found the withdrawal could be construed as a benefit to the defendant resulting from the delay. *Id.*

On appeal, Hunsberger argues the ten-year delay was presumptively prejudicial, unreasonable, and without a valid reason by the State. Hunsberger also asserts the State's purported reason for the delay, that it wanted to try Barnes' case first, does not justify the almost ten-year delay. He asserts the "State's refusal to call the case for trial for almost ten years, without sufficient cause, gives the appearance that the State was using the delay as a tactical advantage to coerce cooperation from [him] in the trial of the co-defendant, Barnes." Hunsberger admitted he had not

previously asserted his speedy trial right but argued it should not weigh against him because he was effectively without counsel from 2002 until at least 2005. Finally, he asserts prejudice should be presumed from the almost ten-year delay. He argues the trial court attached undue significance to his incarceration in Georgia and the State's assertion it wanted to try Barnes first.

Although almost ten years passed between Hunsberger's arrest and his trial, the trial court noted that Hunsberger was only detained in South Carolina from January 25, 2002, to February 16, 2005, before he was released to Georgia. This three-year period would have been sufficient to trigger further review of his speedy trial rights; however, he never asserted them. *See Waites*, 270 S.C. at 108, 240 S.E.2d at 653 (determining a two-year-and-four-month delay was sufficient to trigger further review). Hunsberger was then tried, convicted, and sentenced in Georgia on September 12, 2006, to life for the crime of kidnapping with bodily injury. He was incarcerated in Georgia and returned to South Carolina on September 30, 2011.

As for the reason for the delay, the trial court found that "given the fact that [Hunsberger] was a sentenced prisoner in Georgia and . . . , for that length of time, . . . he would not have been released, . . . it was not unreasonable for the State to take the position that [it] wanted to try the one defendant that [it] sought the death penalty on in the case first and dispose of that case first." *See United States v. Grimmond*, 137 F.3d 823, 828 (4th Cir. 1998) ("When a defendant violates the laws of several different sovereigns, . . . at least one sovereign, and perhaps more, will have to wait its turn at the prosecutorial turnstile. Simply waiting for another sovereign to finish prosecuting a defendant is without question a valid reason for delay."); *Waites*, 270 S.C. at 108, 240 S.E.2d at 653 (holding the "constitutional guarantee of a speedy trial is protection only against delay which is arbitrary or unreasonable"); *State v. Kennedy*, 339 S.C. 243, 250, 528 S.E.2d 700, 704 (Ct. App. 2000) (finding no violation of the defendant's right to a speedy trial, even though the delay was two years and two months, when the case was clearly complicated and required substantial time to investigate and prepare and there was no evidence the State purposefully delayed the trial); *State v. Smith*, 307 S.C. 376, 380, 415 S.E.2d 409, 411 (Ct. App. 1992) (holding the burden was on the defendant to show the delay was due to the neglect and willfulness of the State's prosecution). The State called Hunsberger's case in October 2011, as soon as it

completed Barnes' trial.[3]  Hunsberger did not move for a speedy trial.  The trial was then delayed until January 2012 because Hunsberger moved for and was granted a continuance.  Thus, Hunsberger's case was called to trial very shortly after being returned to South Carolina and was only delayed at his request.

Hunsberger first asserted his right to speedy trial at the beginning of his South Carolina trial on January 9, 2012.  *See Waites*, 270 S.C. at 109, 240 S.E.2d at 653 (citing to *Commonwealth v. Watson*, 360 A.2d 710 (Pa. Super. 1976), in which the court concluded a delay of more than three years between the defendant's arrest and the trial did not deny the defendant his constitutional right to a speedy trial when he did not assert the right until three days prior to trial).  His counsel testified he did not think it was appropriate to file a speedy trial motion prior to that time because he did not know the State was going to try Hunsberger due to his life sentence in Georgia.  Counsel testified, "Sometimes that can be a dangerous proposition.  You may get just what you ask for."

Further, at trial, Hunsberger argued he was prejudiced by the witnesses' varied stories over the years.  On appeal, he only argues prejudice should be presumed from the excessive almost ten-year delay.  The trial court noted Hunsberger did not allege any witnesses were unavailable.  All the witnesses were available to testify, and the transcripts from the previous trials were available to Hunsberger to use to impeach the witnesses.  Hunsberger did not allege any witnesses or evidence were lost, the delay impacted his case, or an earlier trial would have resulted in a different verdict and sentence.  *See Brazell*, 325 S.C. at 76, 480 S.E.2d at 70-71 (noting the three-year-and-five-month delay was negated by the lack of prejudice to the defense); *Kennedy*, 339 S.C. at 251, 528 S.E.2d at 704 ("While Kennedy may have been slightly prejudiced by the twenty-six month pretrial incarceration, the more important question is whether he was prejudiced because the delay impaired his defense."); *State v. Langford*, 400 S.C. 421, 445, 735 S.E.2d 471, 484 (2012) (finding a two-year delay in bringing the case to trial did not amount to a constitutional violation in the absence of any actual prejudice to the defendant's case).

---

[3]  The State sought Capital proceedings against Barnes, who was sentenced to death for Sturrup's murder.

Therefore, looking at the *Barker* factors and the case as a whole, we find the trial court did not abuse its discretion in finding Hunsberger's constitutional right to a speedy trial was not violated and denying his motion to dismiss.

**CONCLUSION**

Accordingly, the decision of the trial court is

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**