**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Alexander L. Hunsberger, Appellant.

Appellate Case No. 2012-206608

---

Appeal From Edgefield County
Clifton Newman, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-381
Heard September 9, 2014 – Filed November 5, 2014

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

---

**PER CURIAM:**  Alexander L. Hunsberger appeals his conviction for murder, arguing the trial court erred in denying his motion to dismiss the charge against him because his constitutional right to a speedy trial was violated as a result of the almost ten-year delay in bringing his case to trial.  We affirm.

**FACTS**

On September 3, 2001, Samuel J. Sturrup was shot and killed in South Carolina.  Hunsberger was arrested for his murder on January 25, 2002.  Hunsberger's brother, Julio, and Steven Louis Barnes were also charged with Sturrup's murder.[1]

Hunsberger was denied bail by order dated June 14, 2002.  On November 17, 2004, he filed a motion for speedy trial.  Judge William Keesley filed an order addressing Hunsberger's speedy trial motion on December 2, 2004.  Judge Keesley noted he was "deeply concerned about the length of time that has transpired without bringing [Hunsberger] to trial."  Judge Keesley acknowleged that part of the delay was because multiple defendants and different jurisdictions were involved and there was the possibility the State could seek the death penalty.  However, Judge Keesley stated Georgia had disposed of the co-defendants' cases more than a year before and the court had instructed the Solicitor's office to make a decision about whether to serve the death penalty notice.  Judge Keesley determined no circumstances warranted modification of his previous order, admonished the State to bring the case to trial in February 2005, and provided Hunsberger could reassert his motions if the case was not brought to trial in February 2005.

The State subsequently informed the court that it did not intend to try the case in February.  As a result, Hunsberger renewed his motion.  Judge Keesley filed a second order on January 28, 2005, denying Hunsberger's motion to dismiss, but granting him a $50,000 personal recognizance bond.  Judge Keesley stated Hunsberger "is not to be released from custody unless the holds placed by the State of Georgia are lifted.  The State of Georgia may attempt extradition proceedings to secure possession of [Hunsberger]."  Thereafter, the State released custody of Hunsberger to the State of Georgia.  On September 12, 2006, Hunsberger was tried and convicted in Georgia for kidnapping Sturrup.  Some time later, the State

---

[1] Three additional defendants were convicted in Georgia of charges involving the kidnapping and assault of Sturrup.

learned that although Hunsberger was given a life sentence in Georgia, he was eligible for parole after serving a term of imprisonment. Hunsberger was eventually returned to South Carolina to be tried for murder.

Hunsberger's South Carolina trial began on January 3, 2012. At the beginning of trial, Hunsberger renewed his motion to dismiss his case, asserting his right to a speedy trial was violated. Hunsberger asserted he would be prejudiced by the delay because the State's theory rested on the theory of "the hand of one is the hand of all" and the witnesses' memories would be faded or nonexistent. He also argued the State created the almost ten-year delay by waiting until he was eligible for parole in Georgia to bring the case to trial.

The State asserted the solicitor had wanted to proceed with Barnes' trial first to give Hunsberger the opportunity to testify against Barnes if he wanted to and the solicitor was not sure whether he intended to seek the death penalty against Hunsberger until after Barnes' trial was completed. Meanwhile, Georgia had wanted to try Hunsberger and sought his extradition back to Georgia. The solicitor relented and allowed Georgia to try him first. The State asserted it attempted to proceed with Hunsberger's trial in October 2011 upon completing Barnes' trial; however, Hunsberger refused to sign the extradition papers, which delayed transporting him back to South Carolina. Additionally, the State argued Hunsberger never asserted his right to a speedy trial during the seven years he was serving his life sentence in Georgia. Finally, the State contended Hunsberger was not prejudiced by the delay because all the witnesses testified in the Georgia case and he had the benefit of their sworn testimony to impeach them. All the co-defendants were also extradited to South Carolina and were prepared to testify against Hunsberger. After considering arguments from both sides, Judge Clifton Newman denied Hunsberger's motion to dismiss. Judge Newman asserted the State had "demonstrated legitimate reasons for the delay given the complex nature of the cases, [and] the problems involving prosecutions in multiple jurisdictions in this state as well as the State of Georgia."

Hunsberger renewed his motion to dismiss his case at the close of the State's case, arguing the changes in witnesses' testimony provided an example of the prejudice he suffered from the delay in bringing his case to trial. Judge Newman denied the motion, stating Hunsberger's counsel did "an effective job at pointing out to the witnesses in cross-examining them and impeaching them on prior inconsistent statements." He added the transcript was available to refresh witnesses' recollection and impeach them when needed. He further stated Hunsberger had not

"been deprived of his liberty because he's been incarcerated under another sentence."  The jury convicted Hunsberger of murder, and the court sentenced him to thirty-three years' imprisonment.  This appeal followed.

## STANDARD OF REVIEW

In criminal cases, this court sits to review errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous.  *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009); *see State v. Evans*, 386 S.C. 418, 422, 688 S.E.2d 583, 585 (Ct. App. 2009) (applying the standard of review to speedy trial cases).  Thus, on review, the court is limited to determining whether the trial court abused its discretion.  *Id.*  An abuse of discretion occurs when the court's decision is unsupported by the evidence or controlled by an error of law.  *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012).  "This [c]ourt does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence."  *Edwards*, 384 S.C. at 508, 682 S.E.2d at 822.

## LAW/ANALYSIS

Hunsberger argues the trial court erred in denying his motion to dismiss the charge against him because the almost ten-year delay in bringing his case to trial violated his constitutional right to a speedy trial.  We disagree.

A criminal defendant is guaranteed the right to a speedy trial.  U.S. Const. amend. VI; S.C. Const. art. I, § 14.  "This right 'is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.'"  *State v. Pittman*, 373 S.C. 527, 548-49, 647 S.E.2d 144, 155 (2007) (quoting *United States v. MacDonald*, 456 U.S. 1, 8 (1982)).  A "'speedy trial does not mean an immediate one; it does not imply undue haste, for the [S]tate, too, is entitled to a reasonable time in which to prepare its case; it simply means a trial without unreasonable and unnecessary delay.'"  *State v. Langford*, 400 S.C. 421, 441, 735 S.E.2d 471, 481-82 (2012) (quoting *Wheeler v. State*, 247 S.C. 393, 400, 147 S.E.2d 627, 630 (1966)).  "There is no universal test to determine whether a defendant's right to a speedy trial has been violated."  *Evans*, 386 S.C. at 423, 688 S.E.2d at 586.

When determining whether a defendant has been deprived of his or her right to a speedy trial, this court should consider four factors: (1) length of the delay; (2) reason for the delay; (3) defendant's assertion of the right; and (4) prejudice to the defendant. *State v. Brazell*, 325 S.C. 65, 75, 480 S.E.2d 64, 70 (1997) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). These four factors are related and must be considered together with any other relevant circumstances. *Barker*, 407 U.S. at 533. "Accordingly, the determination that a defendant has been deprived of this right is not based on the passage of a specific period of time, but instead is analyzed in terms of the circumstances of each case, balancing the conduct of the prosecution and the defense." *Pittman*, 373 S.C. at 549, 647 S.E.2d at 155. However, in *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992), the United States Supreme Court suggested in dicta that a delay of more than a year is "presumptively prejudicial." Also, in *State v. Waites*, 270 S.C. 104, 108, 240 S.E.2d 651, 653 (1978), our supreme court found a two-year-and-four-month delay was sufficient to trigger further review. "[A] delay may be so lengthy as to require a finding of presumptive prejudice, and thus trigger the analysis of the other factors." *Pittman*, 373 S.C. at 549, 647 S.E.2d at 155.

In *State v. Evans*, 386 S.C. at 424-26, 688 S.E.2d at 586-87, this court found a twelve-year delay in bringing a case to trial did not violate the defendant's speedy trial rights when the defendant's statement to police was suppressed; the appeals of the suppression order lasted for five years; after the appeals the case was transferred to an assistant solicitor, the solicitor was later elected solicitor of another circuit; and the defendant failed to establish she was prejudiced by the delay. In *State v. Cooper*, 386 S.C. 210, 217-18, 687 S.E.2d 62, 67 (Ct. App. 2009), this court held a delay of forty-four months did not violate the defendant's constitutional right to speedy trial when the delay was to some degree the result of prosecutorial and governmental negligence, but any presumption of prejudice was persuasively rebutted because the State withdrew its notice to seek death penalty; thus, the withdrawal could be construed as benefit the defendant resulting from delay.

On appeal, Hunsberger asserts the ten-year delay triggers the speedy trial analysis because the delay was presumptively prejudicial and weighed heavily against the State. He argues the reason for the delay was a deliberate attempt by the State to force him to testify against Barnes. Hunsberger claims he asserted his right to a speedy trial in 2004 and 2005. Additionally, he argues he had "no burden of pointing to specific prejudice"; however, he provided the testimony of Richard Cave, who stated "his testimony was the result of what he actually remembered

and what he read in transcripts and statements, not the basis of his own memory." Moreover, he argues he demonstrated through cross-examination that the memories of the witnesses were impaired by the passage of time. Lastly, he asserts he lived in a state of mental and emotional turmoil for almost a decade, waiting for the State to make a life-or-death decision.

Although almost ten years passed between Hunsberger's arrest and his trial, Hunsberger was only detained in South Carolina from January 25, 2002, to 2005, when he was released to Georgia. This three-year period was sufficient to trigger further review of his right to speedy trial, and he asserted his right two times before being transported to Georgia. *See Waites*, 270 S.C. at 108, 240 S.E.2d at 653 (determining a two-year-and-four-month delay was sufficient to trigger further review). Both of his motions were denied. Hunsberger was then tried, convicted, and sentenced in Georgia on September 12, 2006, to life imprisonment for the crime of kidnapping with bodily injury. He was incarcerated in Georgia and returned to South Carolina in October 2011. The State asserted it attempted to proceed with the trial in October 2011, but Hunsberger refused to sign the extradition papers, which delayed transporting him back to South Carolina. Hunsberger did not assert his right to a speedy trial during the time he was serving his life sentence in Georgia.

Hunsberger again asserted his right to a speedy trial at the beginning of his South Carolina trial in January 2012. Before denying the motion, Judge Newman addressed the length of the delay:

> It's a rather unique case for a lot of reasons. It's unique in the sense that you have cross-border issues, you have Georgia wanting to pursue Georgia's case, but South Carolina wanting to pursue South Carolina's cases, each defendant asserting their individual constitutional rights and the State having a capital case that [it is] wanting to pursue and [has] successfully pursued. So this case doesn't follow the normal framework of cases where a person is – has a charge outstanding and simply wants to get it tried, wants to get it over with. This is a case that has a number of complicated factors that bring us to this moment in time.

As for the reason for the delay, Judge Newman maintained the State had "demonstrated legitimate reasons for the delay given the complex nature of the cases, [and] the problems involving prosecutions in multiple jurisdictions in this state as well as the State of Georgia." *See United States v. Grimmond*, 137 F.3d 823, 828 (4th Cir. 1998) ("When a defendant violates the laws of several different sovereigns, . . . at least one sovereign, and perhaps more, will have to wait its turn at the prosecutorial turnstile. Simply waiting for another sovereign to finish prosecuting a defendant is without question a valid reason for delay."); *Waites*, 270 S.C. at 108, 240 S.E.2d at 653 (holding the "constitutional guarantee of a speedy trial is protection only against delay which is arbitrary or unreasonable"); *State v. Kennedy*, 339 S.C. 243, 250, 528 S.E.2d 700, 704 (Ct. App. 2000) (finding no violation of the defendant's right to a speedy trial, even though the delay was two years and two months, when the case was clearly complicated and required substantial time to investigate and prepare and there was no evidence the State purposefully delayed the trial); *State v. Smith*, 307 S.C. 376, 380, 415 S.E.2d 409, 411 (Ct. App. 1992) (holding the burden was on the defendant to show the delay was due to the neglect and willfulness of the State's prosecution).

Further, Hunsberger argues he was prejudiced because the witnesses' memories were impaired by the passage of time. The trial court found Hunsberger "has not shown any prejudice that might affect his right to a fair trial or his due process rights." All the witnesses were still available to testify, and the transcripts from the previous actions were available to Hunsberger to use to refresh witnesses' recollection and impeach the witnesses. Judge Newman stated Hunsberger did "an effective job at pointing out to the witnesses in cross-examining them and impeaching them on prior inconsistent statements." Hunsberger did not allege any witnesses or evidence were lost, the delay impacted his case, or an earlier trial would have resulted in a different verdict and sentence. *See Brazell*, 325 S.C. at 76, 480 S.E.2d at 70-71 (noting the three-year-and-five-month delay was negated by the lack of prejudice to the defense); *Kennedy*, 339 S.C. at 251, 528 S.E.2d at 704 ("While Kennedy may have been slightly prejudiced by the twenty-six month pretrial incarceration, the more important question is whether he was prejudiced because the delay impaired his defense."); *State v. Langford*, 400 S.C. 421, 445, 735 S.E.2d 471, 484 (2012) (finding a two-year delay in bringing the case to trial did not amount to a constitutional violation in the absence of any actual prejudice to the defendant's case). Judge Newman found Hunsberger was not deprived of his liberty because he had been incarcerated in Georgia under another sentence. In fact, Hunsberger may have received a benefit as a result of the delay because the State ultimately decided not to pursue the death penalty against him. *See Pittman*,

373 S.C. at 553, 647 S.E.2d at 157 (noting Pittman received some benefits as a result of the delay); *Cooper*, 386 S.C. at 218, 687 S.E.2d at 67 (stating the State withdrew its notice to seek the death penalty; thus, the withdrawal could be construed as a benefit to Cooper resulting from the delay).

Therefore, looking at the *Barker* factors and the case as a whole, we find the trial court did not abuse its discretion in finding Hunsberger's constitutional right to a speedy trial was not violated and denying his motion to dismiss.

**CONCLUSION**

Accordingly, the decision of the trial court is

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**