**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Osman Uvaldo Jimenez Benitez, Appellant.

Appellate Case No. 2021-001500

———————

Appeal From Jasper County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-421
Submitted November 1, 2025 – Filed December 23, 2025

———————

**AFFIRMED**

———————

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:**  Osman Uvaldo Jimenez Benitez appeals his conviction for hit and run resulting in death and sentence of four years' imprisonment.  On appeal, he argues his constitutional right to a speedy trial was violated when the hearing court

failed to apply the factors for analyzing a speedy trial violation and the appropriate remedy of dismissal, and when the trial court also failed to apply the factors for analyzing a speedy trial violation and denied his motion. We affirm pursuant to Rule 220(b), SCACR.

We hold there is evidence in the record to support both the hearing and trial court's decisions not to dismiss Benitez's case. *See State v. Hunsberger*, 418 S.C. 335, 342, 794 S.E.2d 368, 371 (2016) ("The trial court's ruling on a motion for speedy trial is reviewed under an abuse of discretion standard."); *id.* at 342, 794 S.E.2d at 371-72 ("An abuse of discretion occurs when the court's decision is based on an error of law or upon factual findings that are without evidentiary support."); *State v. Pittman*, 373 S.C. 527, 549, 647 S.E.2d 144, 155 (2007) ("In determining whether a defendant has been deprived of the right to a speedy trial, the court must consider four factors: 1) length of the delay; 2) reason for the delay; 3) the defendant's assertion of the right; and 4) prejudice to the defendant.").

First, Benitez's trial took place twenty-five months after his arrest, a presumptively prejudicial delay that triggered an analysis of the remaining speedy trial factors.[1] *See Hunsberger*, 418 S.C. at 342-43, 794 S.E.2d at 372 ("To trigger a speedy trial analysis, the accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." (quoting *Doggett v. United States*, 505 U.S. 647, 652 (1992))); *State v. Langford*, 400 S.C. 421, 442-43, 735 S.E.2d 471, 482 (2012) (finding a delay of twenty-three months when the "factual proof [in the case] was not complicated" was "presumptively prejudicial and trigger[ed] the remaining *Barker* inquiry"). Second, we hold the second speedy trial factor, the reason for the delay, favored neither Benitez nor the State. The State attributed the delay to turnover in the solicitors' office, the case being reassigned due to immigration issues, and its assertion that many solicitors' offices waited "until the last minute" to indict defendants. However, we hold these are not compelling reasons to justify the delay. *See Hunsberger*, 418 S.C. at 346, 794 S.E.2d at 374 ("Ultimately, justifying the delay between charge and trial is the responsibility of the State."); *State v. Brazell*, 325 S.C. 65, 76, 480 S.E.2d 64, 70 (1997) (finding the State's claims that the delay in bringing the case to trial after the appellant was re-indicted "was

---

[1] *See Barker v. Wingo*, 407 U.S. 514, 530 (1972) (outlining the four factors a court must weigh when it considers whether it will dismiss a case on speedy trial grounds).

necessary because of the complexities of the case including the location of witnesses[,]" "piecing together the circumstantial evidence[,]" and "upheaval in the solicitor's office" did not excuse the delay"). Additionally, Benitez waited two years to assert his right to a speedy trial. *See Pittman*, 373 S.C. at 549, 647 S.E.2d at 155 ("However, the [c]ourt must also consider and weigh the defendant's contribution to the delay in determining whether the defendant's Sixth Amendment rights have been violated."); *State v. Reaves*, 414 S.C. 118, 130, 777 S.E.2d 213, 219 (2015) ("Delays caused by the defendant should weigh against him."). Third, we hold the third factor, the defendant's assertion of the right, weighs against Benitez because he first asserted his right to a speedy trial in November 2021, twenty-four months after his arrest and therefore, he did not promptly assert his right. *See id.* at 131, 777 S.E.2d at 220 (holding the appellant's "failure to assert his right to a speedy trial weigh[ed] strongly against him" when he "did not assert his right to a speedy trial until over three years after his arrest"). Fourth, we hold that Benitez did not show actual prejudice because his assertion that he was prejudiced by a missing 911 call was refuted by the record and he did not explain the specific content of the potential absent witness testimony. *See Hunsberger*, 418 S.C. at 351, 794 S.E.2d at 376 ("Actual prejudice occurs when the trial delay has weakened the accused's ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence."); *State v. Waites*, 270 S.C. 104, 109, 240 S.E.2d 651, 654 (1978) (holding the "respondent's bare assertion of prejudice because his principal witness moved to another state [wa]s insufficient to warrant the lower court's conclusion that respondent suffered actual prejudice thereby"); *State v. Smith*, 307 S.C. 376, 381, 415 S.E.2d 409, 412 (Ct. App. 1992) (stating the court was "unable to determine whether [the appellant] was actually prejudiced by the witness' unavailability because [the appellant] made no proffer as to what this witness would have testified"). Consequently, because Benitez experienced minimal, if any, prejudice due to the State's delay in prosecuting his case, and he delayed asserting his speedy trial right, we hold the *Barker* factors do not favor dismissing his case on speedy trial grounds and the hearing and trial courts did not abuse their discretion in declining to dismiss the case. *See Hunsberger*, 418 S.C. at 343, 794 S.E.2d at 372 ("A speedy trial claim must be 'analyzed in terms of the circumstances of each case, balancing the conduct of the prosecution and the defense.'" (quoting *Pittman*, 373 S.C. at 549, 647 S.E.2d at 155)); *Brazell*, 325 S.C. at 76, 480 S.E.2d at 70-71 ("Although the delay was lengthy and the justification was unsatisfactory, [the appellant's] right to a speedy trial was not denied when one balances the *Barker* factors. The long delay was negated by the lack of prejudice to the defense. There is no evidence that the delay was willful or intentional. The trial judge, by setting an August trial date (less than two months away) and warning the prosecution that any further delay would

probably result in dismissal, adequately protected [the appellant's] right to a speedy trial under these circumstances.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.