**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Earl Smith, Appellant.

Appellate Case No. 2023-000798

---

Appeal From Darlington County
Thomas W. Cooper, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-026
Submitted January 2, 2026 – Filed January 28, 2026

---

**AFFIRMED**

---

Senior Appellate Defender Lara Mary Caudy, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia; and Solicitor William Benjamin Rogers, Jr.,
of Bennettsville, all for Respondent.

---

**PER CURIAM:** James Earl Smith appeals his convictions for first-degree
criminal sexual conduct and kidnapping and his concurrent sentences of eighteen
years' imprisonment. On appeal, he argues the circuit court abused its discretion

when it failed to dismiss his indictments based on violations of his state and federal constitutional rights to a speedy trial.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion when it denied Smith's motion to dismiss his indictments.  *See State v. Hunsberger*, 418 S.C. 335, 342, 794 S.E.2d 368, 371 (2016) ("The trial court's ruling on a motion for speedy trial is reviewed under an abuse of discretion standard."); *id.* at 342, 794 S.E.2d at 371-72 ("An abuse of discretion occurs when the court's decision is based on an error of law or upon factual findings that are without evidentiary support.").  First, we hold the delay between Smith's arrest on June 13, 2012, and his trial, which took place from May 8 to 11, 2023, was presumptively prejudicial.  Therefore, we analyze the *Barker*[1] factors.  *See Hunsberger*, 418 S.C. at 342-43, 794 S.E.2d at 372 ("To trigger a speedy trial analysis, the accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay . . . ."); *State v. Reaves*, 414 S.C. 118, 131, 777 S.E.2d 213, 219 (2015) (finding a delay of "nearly thirty-nine months" between the date the appellant was apprehended and his first trial was "presumptively prejudicial and trigger[ed] the remaining *Barker* inquiry"); *Hunsberger*, 418 S.C. at 343, 794 S.E.2d at 372 ("Once the accused has met this initial burden, a court must look to four factors, among the totality of the circumstances, to decide whether the defendant's right to a speedy trial has been denied."); *id.* ("These factors are: (1) length of delay; (2) the reason for the delay; (3) the accused's assertion of his right to a speedy trial; and (4) whether the delay prejudiced the accused.").

The length of the delay was almost eleven years, which is significant, but the reasons for the delay—turnover in the solicitor's and public defender's offices, docketing issues, and case backlog—weigh only slightly against the State as they are neutral reasons.[2]  *See Reaves*, 414 S.C. at 130, 777 S.E.2d at 219 ("Neutral reasons, such as overcrowded dockets or negligence, should be weighted less heavily; however, the State is still ultimately responsible for bringing a criminal defendant to trial."); *id.* at 131, 777 S.E.2d at 220 (finding "a heavy backlog of cases" and "the complexities involved in the investigation of the case" were not "compelling reasons" to justify a delay); *State v. Brazell*, 325 S.C. 65, 76, 480 S.E.2d 64, 70 (1997) (rejecting the State's argument that the delay "was necessary

---

[1] *Barker v. Wingo*, 407 U.S. 514 (1972).

[2] The State also attributed the delay to the COVID-19 pandemic, which we find does not weigh against the State.  *See State v. Waites*, 270 S.C. 104, 108, 240 S.E.2d 651, 653 (1978) ("In order to establish the denial of a speedy trial, it must be demonstrated the delay was attributable to the State.").

because of" several factors, including "upheaval in the solicitor's office"). Although the record contains evidence of the State's negligence, the second factor slightly weighs against the State because the record contains no evidence of any intentional delay caused by the State. *See Waites*, 270 S.C. at 108, 240 S.E.2d at 653 ("The constitutional guarantee of a speedy trial is protection only against delay which is arbitrary or unreasonable."); *State v. Robinson*, 335 S.C. 620, 626, 518 S.E.2d 269, 272 (Ct. App. 1999) (indicating "the burden is on [the appellant] to show the delay resulted from the neglect and wilfulness of the State"); *State v. Pittman*, 373 S.C. 527, 549, 647 S.E.2d 144, 155 (2007) ("[T]he court should weigh heavily against the State any intentional delays to impede the defense.").

Smith first asserted his right to a speedy trial on December 6, 2022—ten years after his arrest—and went to trial six months later, in May 2023. Therefore, the third factor weighs against Smith. *See Reaves*, 414 S.C. at 130, 777 S.E.2d at 219 ("The third factor—assertion of the right—recognizes that while a criminal defendant has no responsibility to bring himself to trial, the extent to which he exercises his right to a speedy trial is significant."); *id.* ("This consideration prevents a criminal defendant from strategically acquiescing in a delay which works to his advantage, then asking the case be dismissed at the last moment once it is called for trial."); *id.* at 131, 777 S.E.2d at 220 (holding the appellant's "failure to assert his right to a speedy trial weigh[ed] strongly against him" where he "did not assert his right to a speedy trial until over three years after his arrest").

Finally, Smith failed to show he had experienced either presumptive or actual prejudice from the delay between his arrest and trial. *See Hunsberger*, 418 S.C. at 351, 794 S.E.2d at 376 ("[A]n accused can assert actual prejudice or presumptive prejudice as the result of the State's violation of his right to a speedy trial."). Although the ten-year delay between Smith's arrest and trial was long enough to warrant a presumption of prejudice, he did not assert his right to a speedy trial until 2022; thus, Smith acquiesced in the delay, extenuating the presumption of prejudice. *Cf. Doggett v. United States*, 505 U.S. 647, 658 (1992) ("When the Government's negligence thus causes delay six times as long as that generally sufficient to trigger judicial review, . . . and when the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted, the defendant is entitled to relief." (footnotes omitted) (citation omitted)). Regarding actual prejudice, Smith did not argue the delay caused certain witnesses to become unavailable for trial. *See State v. Kennedy*, 339 S.C. 243, 251, 528 S.E.2d 700, 704 (Ct. App. 2000) (finding that in response to the defendant's argument that he was unable to locate two defense witnesses due to the delay, "there [wa]s nothing to suggest the delay caused the witnesses to become

unavailable" and "any delay should have only aided the defense in its attempt to locate the previously unlocated witnesses"), *aff'd*, 348 S.C. 32, 558 S.E.2d 527 (2002).  Further, prior to trial, Smith argued he would be prejudiced because witnesses, such as the victim, would not be able to recall details; however, any witness's lapse in memory could have also disadvantaged the State.  *See State v. Smith*, 307 S.C. 376, 381, 415 S.E.2d 409, 412 (Ct. App. 1992) (finding the appellant's "argument that he was prejudiced because his witnesses' memories faded also lack[ed] merit because the same disadvantage hampered the State").  Finally, Smith was released on bail the day after his arrest; thus, Smith did not experience oppressive pretrial incarceration.  *See State v. Langford*, 400 S.C. 421, 445, 735 S.E.2d 471, 484 (2012) (observing that "oppressive pre-trial incarceration" is one of the "three different types of prejudice the right to a speedy trial seeks to prevent").

**AFFIRMED.**[3]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.