**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shawn Reaves, Appellant.

Appellate Case No. 2010-178486

———————————

Appeal From Marion County
William H. Seals, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-057
Heard January 6, 2014 – Filed February 12, 2014

———————————

**AFFIRMED**

———————————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Julie Kate Keeney, of Columbia, for Respondent.

———————————

**PER CURIAM:** Shawn Reaves appeals his conviction for voluntary manslaughter, arguing the trial court erred in denying his motions to dismiss: (1) the indictment when evidence was missing and never produced, which was a violation of Rule 5, SCRCrimP, and his due process right to a fair trial; and (2) the case based on a violation of his Sixth Amendment right to a speedy trial when his first trial, which ended in a mistrial, was held on August 24, 2010, more than three years after the incident, and his second trial was held on November 8, 2010. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to the motion to dismiss the indictment: *State v. Cheeseboro*, 346 S.C. 526, 538, 552 S.E.2d 300, 307 (2001) ("The State does not have an absolute duty to preserve potentially useful evidence that might exonerate a defendant."); *id.* at 538-39, 552 S.E.2d at 307 ("To establish a due process violation, a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means."); *State v. Adams*, 304 S.C. 302, 304-05, 403 S.E.2d 678, 680 (Ct. App. 1991) (holding Adams fell "short of meeting the standard of constitutional materiality because he failed to make some showing that the document in fact possessed an 'exculpatory value that was apparent' before the State lost it."); *State v. Hutton*, 358 S.C. 622, 632, 595 S.E.2d 876, 882 (Ct. App. 2004) (finding the trial court allowed trial counsel to thoroughly cross-examine the witness about the first statement he gave and its contents; thus, Hutton could obtain evidence of comparable value by other means).

2.      As to the motion to dismiss the case: *State v. Brazell*, 325 S.C. 65, 75, 480 S.E.2d 64, 70 (1997) (holding a reviewing court should consider four factors when determining whether a defendant has been deprived of his or her right to a speedy trial: (1) length of the delay; (2) reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant); *State v. Pittman*, 373 S.C. 527, 549, 647 S.E.2d 144, 155 (2007) ("[T]he determination that a defendant has been deprived of this right is not based on the passage of a specific period of time, but instead is analyzed in terms of the circumstances of each case, balancing the conduct of the prosecution and the defense."); *State v. Cooper*, 386 S.C. 210, 216-18, 687 S.E.2d 62, 66-67 (Ct. App. 2009) (finding the evidence supported the trial judge's determination that the delay of forty-four months in bringing Cooper's case to trial the second time was not apparently willful and was largely justifiable); *State v. Waites*, 270 S.C. 104, 108, 240 S.E.2d 651, 653 (1978) (holding the "constitutional guarantee of a speedy trial is protection only against delay which is

arbitrary or unreasonable"); *id.* at 109, 240 S.E.2d at 653 (citing to *Commonwealth v. Watson*, 360 A.2d 710 (Pa. Super. 1976), in which the court concluded a delay of more than three years between defendant's arrest and trial did not deny him his constitutional right to a speedy trial where he did not assert the right until three days prior to trial); *Brazell*, 325 S.C. at 76, 480 S.E.2d at 70-71 (noting the three-year and five-month delay was negated by the lack of prejudice to the defense).

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**