**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marcus Daniel Allison, Appellant.

Appellate Case No. 2012-211981

---

Appeal From Oconee County
Benjamin H. Culbertson, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-473
Heard October 6, 2014 – Filed December 17, 2014

---

**AFFIRMED**

---

Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina Catoe Bigelow, both of Columbia, for Respondent.

---

**PER CURIAM:** Marcus Daniel Allison appeals his first-degree burglary and grand larceny convictions, contending the trial court erred in (1) ruling he could argue third-party guilt only if the jury was charged on the law of accomplice

liability and (2) refusing to suppress evidence concerning a false drawer facing and crowbar pry marks because the State lost or destroyed photographs of such, which possessed exculpatory value.  We affirm.

1.      Allison contends the trial court committed reversible error in ruling he could argue third-party guilt only if the jury was also charged "the hand of one is the hand of all" law because the State agreed there was no evidence Allison and a third party, Gentile, joined together to accomplish an illegal purpose, and there was no evidence of accomplice liability presented to support such a charge.

First, contrary to Allison's assertion, the State did not agree that there was *no evidence* Allison and a third party joined together to commit the crimes.  Though the State presented its *theory* that the crimes were committed by Allison alone, it specifically argued to the jury that if the jury did find Gentile was involved in the crimes, the evidence showed he participated in the crimes with Allison such that "the hand of one is the hand of all" law of accomplice liability would apply.  More importantly, we find there was evidence presented from which the jury could conclude that, if Gentile was a participant in the crimes, Allison acted as his accomplice.  In particular, the following evidence presented supports such a charge:  that Allison and Gentile were together all night at Allison's home on the date in question in very close proximity to Victim's camper and both indicated they were up all night partying and drinking, yet claimed they did not hear anything; the following morning after Victim discovered the crimes, he observed Allison and Gentile each carrying a bag to Gentile's truck, with one of his missing DVDs sticking up out of the bag Gentile carried and Allison carrying a large bag, and the two bags were sufficient to hold almost all of the items taken from Victim's camper; Victim stated both Allison and Gentile were acting "squirrelly" when he encountered them that morning; Allison and Gentile left the area together with the bags; in his statement to police, Gentile described some of the items Victim had reported stolen; both men told Victim they had been up all night partying, but Gentile testified at trial that he had fallen asleep and Allison later told the officers he had been asleep all night in a chair; and many of the items stolen from Victim's camper were located in a secreted area in Allison's home.  Thus, there was some evidence presented that Allison and Gentile joined together to commit the crimes, and they were "present at the scene of the crime and intentionally, or through a common design, [did] aid, abet, or assist in the commission of that crime."  *See State v. Reid*, 408 S.C. 461, 472-73, 758 S.E.2d 904, 910 (2014) ("A person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act to be guilty under a theory of accomplice

liability."). Accordingly, the evidence presented at trial warranted the accomplice liability instruction from the trial court. *See State v. White*, 361 S.C. 407, 412, 605 S.E.2d 540, 542 (2004) (noting the law to be charged is determined by the evidence presented at trial); *State v. Todd*, 290 S.C. 212, 214, 349 S.E.2d 339, 341 (1986) (holding no prejudicial error in the trial court's charge to the jury on the law of voluntary intoxication, even though intoxication was not a defense, as there was some evidence showing the appellant had been drinking prior to the shooting). Accordingly, we find no error in the trial court's charge.

2.      Allison also contends the trial court erred in refusing to suppress any of the State's testimony as to a drawer facing and evidence located inside the area, as well as to crowbar pry marks on Victim's camper, asserting photographic evidence of the same possessed exculpatory value that was apparent before the evidence was destroyed and he could not obtain other evidence of comparable value by other means.

"The State does not have an absolute duty to preserve potentially useful evidence that might exonerate a defendant." *State v. Cheeseboro*, 346 S.C. 526, 538, 552 S.E.2d 300, 307 (2001). "To establish a due process violation, a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means." *Id.* at 538-39, 552 S.E.2d at 307. "Furthermore, '[w]hatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense.'" *State v. Hutton*, 358 S.C. 622, 631, 595 S.E.2d 876, 881 (Ct. App. 2004) (quoting *California v. Trombetta*, 467 U.S. 479, 488 (1984)). "Exculpatory evidence is evidence which creates a reasonable doubt about the defendant's guilt." *Id.* at 632, 595 S.E.2d at 882. If a defendant's purpose is to exploit any exculpatory potential of missing evidence, to meet the standard of constitutional materiality he must make some showing the item possessed exculpatory value that was apparent before it was lost by the State. *State v. Adams*, 304 S.C. 302, 304, 403 S.E.2d 678, 680 (Ct. App. 1991). Speculation by a defendant that the evidence would be exculpatory is insufficient. *Id.* at 305, 403 S.E.2d at 680; *see also State v. Newton*, 274 S.C. 287, 291, 262 S.E.2d 906, 909 (1980) ("Mere absence of evidence of speculative value to a defendant without deliberate misconduct by the prosecution does not deprive a defendant of a fair trial."); *cf. State v. Jackson*, 302 S.C. 313, 316, 396 S.E.2d 101, 102 (1990) (finding exculpatory value apparent before destruction of videotape in DUI case because one assistant solicitor initially dropped the charges based on viewing the tape).

Allison concedes the State did not destroy the photographic evidence in bad faith. Therefore, to establish a due process violation Allison must show the evidence possessed an exculpatory value apparent before the evidence was lost and that he cannot obtain other evidence of comparable value by other means. However, Allison simply speculates the evidence might be exculpatory and has failed to demonstrate the missing photographs had exculpatory value that was apparent before they were lost. Accordingly, we find no error in the trial court's refusal to suppress evidence on this basis.

For the foregoing reasons, Allison's convictions are

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**