**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Wright, Appellant.

Appellate Case No. 2014-001960

———————————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-385
Submitted May 1, 2016 – Filed July 27, 2016

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In

criminal cases, the appellate court sits to review errors of law only."); *State v. Cheeseboro*, 346 S.C. 526, 538, 552 S.E.2d 300, 307 (2001) ("The State does not have an absolute duty to preserve potentially useful evidence that might exonerate a defendant."); *id.* at 538-39, 552 S.E.2d at 307 ("To establish a due process violation, a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means."); *State v. Adams*, 304 S.C. 302, 304, 403 S.E.2d 678, 680 (Ct. App. 1991) (holding the defendant did not meet the standard of constitutional materiality because he failed to show an exculpatory value apparent before the State lost the evidence); *State v. Hutton*, 358 S.C. 622, 632, 595 S.E.2d 876, 882 (Ct. App. 2004) (finding the defendant could obtain evidence of comparable value when the defendant's counsel was allowed to thoroughly cross-examine a witness about the content of the discarded evidence).

**AFFIRMED.**[1]

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.