**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Paul Elbert Lamberth, Jr., Appellant.

Appellate Case No. 2023-001827

———————

Appeal From Pickens County
G. D. Morgan, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-316
Submitted March 19, 2026 – Filed June 24, 2026

———————

**AFFIRMED**

———————

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

———————

**PER CURIAM:** Paul Elbert Lamberth appeals his conviction of tampering with a human drug product or food item. He contends the trial court erred in denying his motion to dismiss his indictment based on spoliation of evidence. He argues the

loss of the coffee and coffee mug prevented him from presenting a complete defense amounting to a denial of his due process rights. We affirm.

The trial court did not err by denying Lamberth's motion to dismiss his indictment. The record supports the trial court's determination that the coffee and mug possessed, at best, speculative exculpatory value at the time the State lost the items. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* ("This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Cheeseboro*, 346 S.C. 526, 538, 552 S.E.2d 300, 307 (2001) ("The State does not have an absolute duty to preserve potentially useful evidence that might exonerate a defendant."); *State v. Mabe*, 306 S.C. 355, 358-59, 412 S.E.2d 386, 388 (1991) (applying the common law rule that to warrant dismissal of an indictment based on loss of evidence, the defendant must show either (1) the State destroyed the evidence in bad faith or (2) the State destroyed evidence possessing an exculpatory value apparent before the evidence was destroyed and no other evidence of comparable value can be obtained by other means); *see also State v. Adams*, 304 S.C. 302, 304-05, 403 S.E.2d 678, 680 (Ct. App. 1991) ("If . . . [the defendant]'s purpose was to exploit any exculpatory potential the document might have had, he falls short of meeting the standard of constitutional materiality because he failed to make some showing that the document in fact possessed an 'exculpatory value that was apparent' before the state lost it . . . . Speculation about such things, our Supreme Court has held, will not do." (quoting *California v. Trombetta*, 467 U.S. 479, 489 (1984))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument under Rule 215, SCACR.