**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ronzell Bilah Olds, Appellant.

Appellate Case No. 2022-000336

———————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-338
Submitted September 1, 2025 – Filed October 8, 2025

———————

**AFFIRMED**

———————

Senior Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Deputy Attorney General Mark Reynolds Farthing, both
of Columbia, for Respondent.

———————

**PER CURIAM:** Ronzell Bilah Olds appeals his convictions for armed robbery
and possession of a weapon during the commission of a violent crime, as well as
concurrent sentences of twenty years' imprisonment for armed robbery and five
years' imprisonment for possession of a weapon during the commission of a violent

crime. On appeal, Olds argues the circuit court erred in failing to grant his motions to dismiss for pre-indictment delay and violation of his right to a speedy trial. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err in denying Olds's motions to dismiss based on pre-indictment delay. *See State v. Lee*, 360 S.C. 530, 537-38, 602 S.E.2d 113, 117 (Ct. App. 2004) (recognizing the "[circuit court's] decision regarding pre-indictment delay [is] a mixed question of law and fact and will only be reversed if clearly erroneous," *aff'd*, 375 S.C. 394, 653 S.E.2d 259 (2007)). Olds failed to establish that the unavailability of potential witnesses resulted in substantial actual prejudice; therefore, he failed to establish that his defense was meaningfully impaired to the extent the outcome of his case would have been different. *See Lee*, 375 S.C. at 397, 653 S.E.2d at 260 (acknowledging "when pre-indictment delay is alleged to have violated a defendant's due process rights," appellate courts will first consider whether the defendant has established "the delay caused substantial actual prejudice to his right to a fair trial"); *State v. Brazell*, 325 S.C. 65, 73, 480 S.E.2d 64, 69 (1997) (indicating that to prove substantial prejudice, a defendant must show that "he was meaningfully impaired in his ability to defend against the [S]tate's charges to such an extent that the disposition of the criminal proceeding was likely [affected]" (quoting *Jones v. Angelone*, 94 F.3d 900, 907 (4th Cir. 1996))). Although Olds identified witnesses he would have called to testify at trial, we find he failed to establish "with specificity" what their testimony would have been. *See id.* (indicating when the prejudice asserted is that a witness is unavailable, the defendant must "identify the witness he would have called" and "demonstrate, with specificity, the expected content of that witness' testimony"). We further find Olds failed to establish he made any attempt to locate two of the witnesses he identified. *See id.* (indicating that when the prejudice asserted is that a witness is unavailable, the defendant must "establish that he made serious attempts to locate the witness"). Finally, we find Olds failed to establish that he could not obtain his desired testimony from another source.[1] *See id.* (indicating that when the prejudice asserted is that a witness is unavailable, the defendant must "show that the information the witness would have provided was not available from other sources").

---

[1] Because we hold Olds failed to prove substantial prejudice, we do not address the justification for the State's delay. *See Brazell*, 325 S.C. at 74, 480 S.E.2d at 69 ("Because [the appellant] failed to carry his burden of proving actual substantial prejudice, we need not consider the State's justification for the delay.").

2.  We hold the circuit court abused its discretion by determining that the length of delay was not sufficient to trigger an analysis of the *Barker v. Wingo*[2] factors.  *See State v. Hunsberger*, 418 S.C. 335, 342, 794 S.E.2d 368, 372 (2016) ("The trial court's ruling on a motion for speedy trial is reviewed under an abuse of discretion standard."); *id.* at 342, 794 S.E.2d at 371-72 ("An abuse of discretion occurs when the court's decision is based on an error of law or upon factual findings that are without evidentiary support.").  We find the four-year delay between Olds's January 2018 arrest and March 2022 trial was sufficiently lengthy to trigger a speedy trial analysis.  *See id.* at 342-43, 794 S.E.2d at 371-72 ("To trigger a speedy trial analysis, the accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay . . . ." (quoting *Doggett v. U.S.*, 505 U.S. 647, 652 (1992))); *State v. Waites*, 270 S.C. 104, 108, 240 S.E.2d 651, 653 (1978) (finding a two-year four-month "delay between arrest and preliminary hearing [was] disturbing" and "sufficient to trigger" review of the remaining factors).

Nevertheless, we hold Olds's right to a speedy trial was not violated.  *See Hunsberger*, 418 S.C. at 343, 794 S.E.2d at 372 ("Once the accused has met this initial burden, a court must look to four factors, among the totality of the circumstances . . . ."); *id.* ("These factors are: (1) length of delay; (2) the reason for the delay; (3) the accused's assertion of his right to a speedy trial; and (4) whether the delay prejudiced the accused."); *id.* ("A speedy trial claim must be 'analyzed in terms of the circumstances of each case, balancing the conduct of the prosecution and the defense.'" (quoting *State v. Pittman,* 373 S.C. 527, 549, 647 S.E.2d 144, 155 (2008))).  First, we hold the reasons provided by the State for the delay, while varied, weigh only slightly against the State.  *See Langford*, 400 S.C. at 443, 735 S.E.2d at 483 ("A deliberate attempt by the State to delay the trial as a means of impairing the accused's ability to defend himself 'should be weighted heavily against the government.'" (quoting *Barker*, 407 U.S. at 531)); *id.* ("Neutral reasons, which could include overcrowded dockets or negligence, are 'weighted less heavily' but still count against the State because it bears the ultimate responsibility for these circumstances." (quoting *Barker*, 407 U.S. at 531)).  We find the approximately one-and-a-half-year delay attributable to the COVID-19 pandemic should not be held against either party because this delay was the result of a global pandemic over which neither party had control.  *See Waites*, 270 S.C. at 108, 240 S.E.2d at 653 ("In order to establish the denial of a speedy trial, it must be

---

[2] 407 U.S. 514 (1972) (identifying the four factors necessary for a speedy trial analysis as "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant").

demonstrated the delay was attributable to the State.").  Regarding the portion of delay prior to the COVID-19 pandemic that the State asserted was due to good faith plea negotiations, trial preparation, and a continuance, to which neither party objected, we find Olds failed to meet his burden to show that this portion of the delay was the result of the State's "willful neglect."  *See State v. Smith*, 307 S.C. 376, 411-12, 415 S.E.2d 409, 411-12 (Ct. App. 1992) (indicating the burden is on the defendant to show that "delay was due to the neglect and willfulness of the State's prosecution").  As to the period of post-pandemic delay the State attributed to assignment of the case to a new assistant solicitor and the "post-pandemic condition of the docket," we find these reasons for delay "weigh[] less heavily" against the State.  Additionally, we find the delay between the planned January 2022 trial and the March 2022 trial due to the State's failure to indict Olds weighs less heavily against the State because there is no indication on appeal that this delay was deliberate or willful.  *See Langford*, 400 S.C. at 443, 735 S.E.2d at 483 ("Neutral reasons, which could include overcrowded dockets or negligence, are 'weighted less heavily' but still count against the State because it bears the ultimate responsibility for these circumstances." (quoting *Barker*, 407 U.S. at 531)).

Second, we hold Olds sufficiently asserted his right to a speedy trial, a factor weighing in his favor.  Although Olds first asserted his right to a speedy trial in May 2020, twenty-eight months after his arrest, he did so through a motion to dismiss and long before his March 2022 trial.  *See Reaves*, 414 S.C. at 130, 777 S.E.2d at 219 ("The third factor—assertion of the right—recognizes that while a criminal defendant has no responsibility to bring himself to trial, the extent to which he exercises his right to a speedy trial is significant.").

Finally, we hold Olds failed to establish either actual or presumptive prejudice.  Although actual prejudice is not required for a speedy trial violation, we find Olds failed to establish actual prejudice based upon witness unavailability.  *See Hunsberger*, 418 S.C. at 351, 794 S.E.2d at 376 ("Actual prejudice occurs when the trial delay has weakened the accused's ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence."); *State v. Evans*, 386 S.C. 418, 423-24, 688 S.E.2d 583, 586-87 (Ct. App. 2009) (affirming the trial court's ruling that although the appellant lost four witnesses during a twelve-year delay, there was no "neglectful delay prejudicial to the defense" in light of the reasons for delay being transfer of the case, suppression of the defendant's statement, the appeals process, the election of a new solicitor, and in light of the uncertainty surrounding at least one of the witnesses' testimony).  We hold Olds failed to establish this court should presume prejudice because although his trial was delayed for just over four years, which is at least three times the length of

delay necessary to trigger the speedy trial analysis, the delay was the result of either neutral factors or those weighing only slightly against the State and was not due to inexcusable oversights or intentional conduct by the State. *See Hunsberger*, 418 S.C. at 351, 794 S.E.2d at 376 ("[A]n accused can assert actual prejudice or presumptive prejudice as the result of the State's violation of his right to a speedy trial."); *Doggett*, 505 U.S. at 657-58 (comparing the portion of the delay attributable to the prosecution's negligence to the threshold necessary to trigger a speedy trial claim for analyzing presumptive prejudice); *id.* ("[N]egligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice."); *id.* at 658 (stating that even if the length of delay is sufficiently long to presume prejudice, a defendant may still be precluded from relief if the presumption of prejudice has been extenuated or has been "persuasively rebutted").

**AFFIRMED.**[3]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.